UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY YANDELL,<br><br>    Plaintiff,<br><br>  v.<br><br>C/O CHAN; et al.,<br><br>    Defendants.<br>_____ / | No. C 11-496 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Rickey Yandell, currently an inmate at Avenal State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Yandell alleges the following in his complaint about conditions at "Soledad State Prison," which may be a reference to the Correctional Training Facility or the Salinas Valley State Prison, both of which are in Soledad. On September 20, 2010, Yandell took his chronos (i.e., prison parlance for memoranda written by members of the correctional or medical staff) to the podium at the request of correctional officers Martinez and Chan. They read the chronos and told him to come back later. When Yandell returned to get his chronos, the correctional officers were laughing, "made a joke about my limations (sic)" and Chan "made a comment about me being homosexul (sic)." Complaint, p. 3. Yandell was "laughed at and made fun of," and "got into a few fights over this." Id.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim upon which relief can be granted against any defendant based on the allegations that Yandell was laughed at and apparently ridiculed by correctional officers and/or other inmates. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997).

The court will grant leave to amend so that Yandell may attempt to allege a cognizable § 1983 claim in an amended complaint, if he has facts indicating that this event was anything more than undesired and non-actionable verbal harassment. In his amended complaint, Yandell must link one or more defendant(s) to his claim by stating what each proposed defendant did or failed to do that caused a violation of his constitutional rights.

If Yandell files an amended complaint, he also needs to identify the particular prison at which the events occurred, because there is no prison called "Soledad State Prison," and no defendant could be served at that prison  Also, he almost certainly will need to provide more specific identifying information for the defendants because it is highly likely that there will be more than one correctional officer on the staff with the last name of Chan and more than one correctional officer on the staff with the last name of Martinez.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 13, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 7, 2011

_____
SUSAN ILLSTON
United States District Judge