UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKEY YANDELL,                             No. C 11-496 SI (pr)

    Plaintiff,                              **ORDER OF DISMISSAL**

    v.

C/O CHAN; et al.,

    Defendants.
                              /

      Rickey Yandell, currently an inmate at Avenal State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and dismissed it with leave to amend. Yandell then filed a first amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

      In his complaint, Yandell alleged that, on September 20, 2010, he took his chronos (i.e., prison parlance for memoranda written by members of the correctional or medical staff) to the podium at the request of correctional officers Martinez and Chan. They read the chronos and told him to come back later. When Yandell returned to get his chronos, the correctional officers were laughing, "made a joke about my limations (sic)" and Chan "made a comment about me being homosexul (sic)." Complaint, p. 3. Yandell was "laughed at and made fun of," and "got into a few fights over this." *Id.*

      The court determined that the allegations in the complaint did not state a claim upon which relief can be granted against any defendant based on the allegations that Yandell was laughed at and apparently ridiculed by correctional officers and/or other inmates. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). The court granted leave to amend "so

that Yandell may attempt to allege a cognizable § 1983 claim in an amended complaint, if he has facts indicating that this event was anything more than undesired and non-actionable verbal harassment. In his amended complaint, Yandell must link one or more defendant(s) to his claim by stating what each proposed defendant did or failed to do that caused a violation of his constitutional rights." Order of Dismissal With Leave To Amend, p. 2.

Yandell's first amended complaint alleges the same basic facts as those alleged in the complaint. He adds the detail that the verbal harassment led to fights. *See* First Amended Complaint, p. 2 (other prisoners "were incited to act in life-threatening mannerisms which force the plaintiff to have to defend himself and his property, ipso facto, physical alternations (hereinafter fighting) ensued as a proximate cause of the illegal actions and behaviors of C/O's Martinez and Chan.") The additional information that fights ensued does not elevate the name-calling into a constitutional violation. The alleged actions of the defendants were non-actionable verbal harassment. *See Freeman*, 125 F.3d at 738.

This action is dismissed for failure to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the court has already explained the deficiencies and Yandell was unable to cure them. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 30, 2011

_____
SUSAN ILLSTON
United States District Judge